UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SIDNEY P. KILMARTIN,              )
                                 )
            Plaintiff            )
                                 )          1:17-cv-97-JAW
v.                               )
                                 )
MARTY RIDGE,                     )
                                 )
            Defendant            )

## RECOMMENDED DECISION AFTER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)

In this action, Plaintiff Sidney Kilmartin alleges Defendant Martin Ridge, Plaintiff's counsel in criminal case number 1:14-cr-129-JAW, overbilled Plaintiff for services and provided ineffective assistance.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which motion the Court granted. (ECF No. 7.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint and amended complaint is appropriate. 28 U.S.C. § 1915(e)(2).

As explained below, following a review of Plaintiff's pleadings, I recommend the Court dismiss Plaintiff's complaint and amended complaint for want of jurisdiction.

### STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or

malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTUAL BACKGROUND

Plaintiff, who is presently incarcerated at the Somerset County Jail, alleges that his counsel in case number 1:14-cr-129-JAW, Defendant Ridge, provided ineffective

assistance at trial and overcharged Plaintiff for Defendant's services.[1]  (Complaint, ECF No. 1; Am. Complaint, ECF No. 6.)   More specifically, Plaintiff states that he is "seeking the court's help in getting [a refund] of unearned payments and retainer money."  (Am. Compl. at 3, ¶ V.)  Plaintiff asserts that he resides in Madison, Maine, and that Defendant resides in Portland, Maine.  (*Id*. at 2.)

## DISCUSSION

"Federal courts are courts of limited jurisdiction.  They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects."  *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citation omitted).  A review of Plaintiff's complaint fails to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Plaintiff's claims are based in state tort and contract law, not federal law.  Although Plaintiff asserts Defendant provided ineffective assistance when defending against federal criminal charges, the only potential federal claim over which this Court would have jurisdiction is a habeas claim collaterally attacking the judgment of conviction, pursuant to 28 U.S.C. § 2255.  Because the Court has yet to enter judgment in the case, a habeas motion

---

[1] A jury found Defendant guilty of the criminal charge, and Defendant is awaiting sentencing.

collaterally attacking the conviction would be premature.[2] Plaintiff, therefore, has not asserted a claim within the Court's federal question jurisdiction.

Plaintiff has also not asserted a claim within the Court's diversity jurisdiction. Title 28 U.S.C. § 1332 provides in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between …. citizens of different States." 28 U.S.C. § 1332(a)(1). For the exercise of diversity jurisdiction to be valid, there must be "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). Because both Plaintiff and Defendant were domiciled in Maine when Plaintiff asserted this action, Plaintiff cannot rely on the Court's diversity jurisdiction to maintain his action in federal court. *See Alvarez-Torres v. Ryder Memorial Hosp., Inc.*, 582 F.3d 47, 54 (1st Cir. 2009) ("[D]iversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant.").

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint and amended complaint.

---

[2] After entry of judgment, "[t]here is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255." R. Governing § 2255 Proceedings 5 advisory committee's note. Nevertheless, "courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision." *Id.* It remains to be seen whether Plaintiff will pursue a habeas motion and/or a direct appeal. However, the First Circuit ordinarily does not address ineffective assistance claims on direct appeal. *United States v. Marín-Echeverri*, 846 F.3d 473, 479 (1st Cir. 2017). Because judgment has yet to enter, further discussion regarding the propriety of simultaneously pursuing a direct appeal and a habeas motion would be advisory in nature. Other methods of asserting a challenge based on ineffective assistance may also be available.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of May, 2017.